IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kristin L. Fitzgerald, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:24-cv-00908-BHH |
| v. ) | |
| ) | **Order** |
| Carter Faucette and Pulte Home ) | |
| Company, LLC d/b/a PulteGroup, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This case was removed to this Court on February 22, 2024. (ECF No. 1.) Plaintiff Kristin L. Fitzgerald's ("Plaintiff") complaint asserts the following the claims: (1) discrimination under the Americans with Disabilities Act (against PulteGroup, Inc.); (2) discrimination under the Age Discrimination in Employment Act ("ADEA") (against PulteGroup, Inc.); (3) hostile work environment under the ADEA (against PulteGroup, Inc.); (4) retaliation under the ADEA (against PulteGroup, Inc.); (5) slander (against Faucette); and (6) intentional interference with a contract (against Faucette). (ECF No. 1-1.) Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(A), and the Local Rules, this matter was referred to a United States Magistrate Judge for consideration.

Now before the Court is Defendants Carter Faucette's and Pulte Home Company, LLC d/b/a PulteGroup, Inc's (collectively, "Defendants") motion to dismiss and compel arbitration. (ECF No. 6.) Defendants seek an order compelling arbitration and dismissing the case or, alternatively, staying the case until Plaintiff complies with final and binding

arbitration. (ECF No. 6-1 at 1.) Plaintiff filed a response in opposition, (ECF No. 13), and Defendants filed a reply. (ECF No. 14).

On April 23, 2024, Magistrate Judge Mary Gordon Baker filed her Report and Recommendation ("Report"), recommending that this Court grant Defendants' motion (ECF No. 6.), compel arbitration and dismiss without prejudice Plaintiff's case.[1] (ECF No. 15.) The Report sets forth, in detail, the relevant facts and standards of law on this matter, and because no party objects to this portion of the Report, the Court incorporates those facts and standards without a recitation.

Plaintiff filed timely objections to the Report. (ECF No. 16.) Defendants filed a response in opposition to Plaintiff's objections. (ECF No. 17.) Thus, this matter is ripe for review.

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

---

[1] After the Report was filed, the United States Supreme Court clarified that § 3 "overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration." *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024). Thus, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Id*. at 478. In light of *Spizzirri*, the Court finds that the instant case should be stayed, rather than dismissed without prejudice. *See, e.g., Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 711 (9th Cir. 2024) ("Since Spizzirri made clear that a district court does not have discretion to dismiss the action when granting a motion to compel arbitration under 9 U.S.C. § 3, the court is compelled to grant Cathay Pacific's alternative request for a stay."); *Multari v. Fakhoury*, C.A. No. 5:23-cv-631-D, 2024 WL 3166897, at *5 (E.D.N.C. June 25, 2024). Accordingly, the Court does not adopt the Report's recommendation of dismissal without prejudice.

2

This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir.1983).

## Discussion

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report, as no party objected to this portion of the Report; therefore, no further recitation is necessary here. In response to the Report, Plaintiff enumerated eleven (11) separate objections. (ECF No. 16.) Although most of these objections appear to be mere disagreements with the Magistrate Judge's conclusions supported by a rehashing of those arguments previously presented, the Court will nevertheless address each argument below.

Plaintiff's first (1) objection is that the Magistrate Judge's recommendation is "based on a flawed presentation by the Defendant." (ECF No. 16 at 4.) Aside from this conclusory statement, Plaintiff provides no explanation to support this objection. Thus, thus objection is overruled.

Plaintiff's second (2) and eleventh (11) objections are that the Magistrate Judge erred in her ruling and failed to address Plaintiff's statute of limitations arguments under unconscionability and unreasonableness, respectively. (ECF No. 16 at 4, 6.) Upon review, the Court finds that the Report properly reviewed the portion of the alternative dispute resolution policy addressing the shortened statute of limitations and the relevant South Carolina statute, S.C. Code Ann. § 15-3-140, before concluding that the six-month statutory period is prohibited in South Carolina and, thus not applicable. (ECF No. 15 at

9-10.) Accordingly, the Report's finding that the arbitration agreement is not unconscionable because it requires a shortened statue of limitations was not in error. The Court also finds that the Report's failure to consider statements made by Defendants' in-house counsel to Plaintiff's counsel on this issue was not in error. Further, the Magistrate Judge squarely addressed the shortening of the statute of limitations period and provided case law rejecting Plaintiff's unreasonableness argument. (*Id.* at 9-10, 10 n.5.)

Plaintiff's third (3) objection is that the Report "fails to consider any prejudice to the Plaintiff." She supports this statement by arguing that "no one explained the agreement to the Plaintiff." (ECF No. 16 at 4.) Plaintiff's unconscionable argument on this basis, however, was squarely addressed and rejected by the Magistrate Judge. (ECF No. 15 at 11-12.) After identifying the applicable law, the Report properly concluded that Plaintiff's argument that the agreement is unenforceable because no one explained it to her is unfounded. Plaintiff offers no citation or support for this objection. Thus, this objection is overruled.

Plaintiff's fourth (4) objection is that the Repot failed to interpret the Federal Arbitration Act, it appears by failing to enforce the arbitration agreement "on an equal footing with other contracts." (ECF No. 16 at 4 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2001).) Plaintiff offers no explanation in support of this objection beyond this conclusory statement. Further, the Report acknowledged that generally applicable contract defenses may be applied to invalidate an arbitration agreement. Thus, this objection is likewise overruled.

Plaintiff's fifth (5) objection is that the Report "sided with the Defendant in all arguments and failed to consider the Plaintiff's affidavit or factual contentions." (ECF No.

16 at 5.) This objection is flatly contradicted by the Magistrate Judge's detailed Report considering each of Plaintiff's arguments, including factual contentions made in her opposition memorandum and declaration attached to same.

Plaintiff's sixth (6) and seventh (7) objections are that the Report failed to consider contract principles and the waiver of Plaintiff's rights. However, the Report addressed and rejected each of Plaintiff's arguments offered in support of her belief that the arbitration agreement as presented to her was not a proper waiver of rights under the law. Thus, these objections are overruled.

Plaintiff's eighth (8) objection is that the Report accepted in error Defendant's position that it could not arbitrarily amend the agreement. Once again, however, a review of the Report reveals that the Magistrate Judge rejected Plaintiff's illusory argument on this basis after reviewing the relevant portion of the Alternative Dispute Resolution policy and applying Fourth Circuit precedent on point. Thus, the Court finds no error and overrules this objection.

Plaintiff's ninth (9) objection is that the Report failed to address the fact that Defendant did not mention arbitration until EEOC mediation. Plaintiff, however, offers no case law in support of her argument that the delay in raising arbitration constitutes a waiver of Defendants' right to arbitration. Thus, this objection is likewise overruled.

Plaintiff's tenth (10) objection is that the Report "failed to consider that the actual agreement was not enforced by the [sic] any other court." (ECF No. 16 at 6.) Plaintiff does not cite to other decisions in support of this statement. Regardless, a review of the Report reveals that the Magistrate Judge properly applied federal and South Carolina law to the issues presented and correctly determined that Plaintiff failed to meet her burden of

establishing that the arbitration agreement is inapplicable or invalid. Thus, this objection is overruled.

## Conclusion

In conclusion, after reviewing the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby overrules Plaintiff's objections (ECF No. 16) and adopts the Report.  Accordingly, the Court **adopts and specifically incorporates** the Magistrate Judge's Report *with the exception of recommending dismissal without prejudice* (ECF No. 15) and **grants** Defendants' motion to compel arbitration. (ECF No. 6.)  Therefore, the parties are hereby **ORDERED** to arbitration, and this case is **STAYED** pending completion of same. (*See supra* note 1.)

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

December 11, 2024
Charleston, South Carolina